IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SUSTAINABLE MODULAR MANAGEMENT, INC., § § § Plaintiff, § § Civil Action No. 3:20-CV-1883-D VS. § § THE TRAVELERS LLOYDS § INSURANCE COMPANY, § § Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant The Travelers Lloyds Insurance Company ("Travelers") moves for leave to designate Michael Alfred, Esquire ("Alfred"), Tracy Carson, Esquire ("Carson"), and Hallet & Perrin, P.C. ("H&P")—the two attorneys and law firm representing plaintiff Sustainable Modular Management, Inc. ("SMM")—as responsible third parties under Tex. Civ. Prac. & Rem. Code Ann. § 33.004 (West 2020). For the reasons explained below, the court grants the motion.[1]

---

[1] The court has applied § 33.004 in diversity cases, and it has said that "it will continue to do so until persuaded that the statute does not apply." *Alvarez v. Toyota Motor Corp.*, 2006 WL 1522999, at *2 (N.D. Tex. May 8, 2006) (Fitzwater, J.). Because the court sees no reason to reexamine in this case whether § 33.004 should be given full effect, the court will apply it. *See also Withers v. Schneider Nat'l Carriers, Inc.*, 13 F.Supp.3d 686, 688 (E.D. Tex. 2014) ("While there seems to be no precedent on point from the Fifth Circuit, various other district courts within this circuit, however, have concluded that the designation of a responsible third party under § 33.004 does not conflict with Rule 14.").

I

This lawsuit is a byproduct of previous litigation between SMM and AECOM Technical Services, Inc. ("AECOM").[2] SMM constructed two buildings for the United States government in Hawaii. One of the buildings suffered water damage. AECOM (the general contractor on the building) and SMM disputed the cause of the damage. SMM asserted that the cause of the damage was deficient building-site construction (construction within the scope of AECOM's work). AECOM, on the other hand, contended that the cause of the damage was deficient roof design and roof leakage (construction within the scope of SMM's work).

SMM relied on The Vertex Companies, Inc. ("Vertex") to support its position. Vertex is a company retained by SMM's insurer, Travelers, to determine the cause of the water damage and whether Travelers should deny SMM's insurance claim. Vertex's report (the "Vertex Report") suggested that roof leakage was not the cause of the damage. SMM relied on Vertex and its report during the litigation, naming Vertex as a non-retained expert.

Vertex eventually reversed its position, however, and concluded that the roof was the most likely cause of the damage. As a result of Vertex's change of position—which occurred after the expert-designation deadline—SMM was bound by Vertex's conclusion that the roof (and, by extension, SMM, who was responsible for the roof) was the likely cause of the

---

[2]A more detailed recitation of the background facts and procedural history of this case can be found in the court's recent memorandum opinion and order addressing other motions. *See Sustainable Modular Mgmt., Inc. v. Travelers Lloyds Ins. Co.*, 2021 WL 4822017, at *1-2 (N.D. Tex. Oct. 15, 2021) (Fitzwater, J.).

damage.

SMM filed the present lawsuit, asserting claims against Travelers for breach of contract, violations of the Texas Insurance Code, common law fraud, fraudulent concealment, and negligent misrepresentation. Travelers now moves under Tex. Civ. Prac. & Rem. Code Ann. § 33.004 to designate Alfred, Carson, and H&P—the attorneys and law firm who previously represented (and also currently represent) SMM—as responsible third parties. Travelers predicates this request on the allegedly poor litigation strategy and negligence of Alfred, Carson, and H&P in relying exclusively on the Vertex Report as their expert report in the previous litigation.

II

A

Travelers contends that its motion is timely because it was filed 60 days in advance of trial and within the time allotted in the scheduling order; that Alfred, Carson, and H&P should be designated responsible third parties because they were negligent and failed to meet the standard of care in their representation of SMM in the previous litigation; that Texas law is no bar to designating an attorney as a responsible third party; and that it provided notice to SMM of its intention to designate Alfred, Carson, and H&P as responsible parties, and its purpose is not to attempt to disqualify them from representing SMM.

SMM responds that Alfred, Carson, and H&P were not negligent in their representation and that Travelers has filed this motion merely to disqualify them; that the actions of Alfred, Carson, and H&P were taken as agents of SMM, and Travelers has not

pleaded why the principal-agent relationship should be disregarded; that Alfred, Carson, and H&P each acted as a "claimant" and not a "third party" because they acted on behalf of SMM; and that Texas law likely does not allow attorneys to be designated third parties, and the precedent cited by Travelers is inapposite.

B

"Under Chapter 33 of the Texas Civil Practice and Remedies Code, a defendant who is sued in tort or under the Texas Deceptive Trade Practices-Consumer Protection Act . . . may reduce his liability by a percentage of responsibility attributed to a responsible third party." *Mavuninu-Jean v. Reyes*, 2019 WL 5963886, at *1 (N.D. Tex. Nov. 13, 2019) (Boyle, J.) (citing Tex. Civ. Prac. & Rem. Code Ann. § 33.002 (West 2020)).[3] The moving party must file a motion to designate the responsible third parties, and the opposing party may file objections in response. Tex. Civ. Prac. & Rem. Code Ann. § 33.004.[4]

---

[3]Because § 33.002 is limited to suits in tort or suits under the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), Travelers can only designate Alfred, Carson, and H&P as responsible third parties for SMM's tort claims: common law fraud (Court Four), fraudulent concealment (Count Five), and negligent misrepresentation (Court Six). *Nels Cary, Inc. v. Day*, 2008 WL 631242, at *1 (N.D. Tex. Feb. 29, 2008) (Fitzwater, C.J.) ("[T]he designation of a responsible third party in this case would apply to the tort and DTPA claims alone.").

[4]Although the court holds that § 33.004 applies, it does not suggest that all aspects of the statute apply. *See Davis v. Dall. Cnty., Tex.*, 2007 WL 2301585, at *1 (N.D. Tex. Aug. 10, 2007) (Fitzwater, J.) ("Nor does the court 'suggest that the provisions of § 33.004 that impose time limitations on seeking leave or objecting to motions for leave would apply in a diversity case to circumvent a scheduling order that imposes other deadlines.'" (quotation omitted)).

And the court does not resolve whether the statute's time limitations apply here. Whether the court's scheduling order or the statute's 60-day deadline applies, Travelers'

Under this statute, SMM—as the objecting party—must show that Travelers has failed to plead sufficient facts showing that Alfred, Carson, and H&P were responsible third parties. SMM has the burden to timely object and establish that Travelers did not plead sufficient facts. *See id.*; *see also Nationwide Lloyds Ins. Co. v. Norcold, Inc.*, 2009 WL 3381523, at *2 (W.D. Tex. Oct. 19, 2009) ("[T]he burden is on the Plaintiffs/Intervenors to demonstrate that the Defendants have failed to ple[a]d sufficient facts . . . ."); *Fisher v. Halliburton*, 2009 WL 1098457, at *2 (S.D. Tex. Apr. 23, 2009) ("[T]he burden is on the plaintiffs to demonstrate that the defendants have not pled sufficient facts." (quotation omitted)). The "sufficient facts" that Travelers pleads must establish that a responsible third party "caused or contributed to causing in any way the harm for which recovery of damages is sought" by breaching an "applicable legal standard." Tex. Civ. Prac. & Rem. Code Ann. § 33.011(6) (West 2020).[5]

---

motion was timely. If the state statute governs, Travelers needed to file the motion at least 60 days before trial. *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.004. When Travelers filed this motion on September 16, 2021, the trial was set for March 21, 2022, more than 60 days thereafter. And under an order filed today in response to Travelers' unopposed motion, the trial has been reset to September 6, 2022. So Travelers has complied with the 60-day requirement imposed by statute. If the court's scheduling order governs, Travelers' motion was timely because, under a July 16, 2021 amendment to the scheduling order, Travelers had until October 25, 2021 to file a motion not otherwise covered by the scheduling order. And under the court's order filed today, Travelers had even more time (until December 30, 2021) to file the motion.

[5]Although the court does not reach this issue, it notes that other courts and judges of this court have limited their analysis of whether the moving party has pleaded sufficient facts to the complaint, answer, and counterclaim—and not facts contained in the parties' briefing. *See Eisenstadt v. Tel. Elecs. Corp.*, 2008 WL 4452999, at *2 (N.D. Tex. Sept. 30, 2008) (O'Connor, J.) (citing *Nels Cary*, 2008 WL 631242 at *2); *see also Fisher*, 2009 WL

C

SMM has not shown that Travelers has failed to plead sufficient facts that Alfred, Carson, and H&P were responsible third parties. SMM does not focus its briefing on Travelers' factual sufficiency—it primarily makes a *legal* challenge to Travelers' responsible third party motion.⁶ It argues principally that Alfred, Carson, and H&P were its agents such that Travelers cannot impute responsibility on them separately. And, relatedly, SMM argues that Travelers has not shown that Alfred, Carson, and H&P are "responsible third parties" and not "claimants," as defined under the statute. *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.011(1), (6) (defining terms differently).

To the extent SMM is contending that its attorneys—as SMM's agents—cannot be responsible third parties, this argument is foreclosed by *In re Coppola*, 535 S.W.3d 506 (Tex.

---

1098457, at *5 ("Accordingly, since defendants' *answer* is insufficient to meet the pleading standards required by the statute . . . ." (emphasis added)). *But see Parker v. Bill Melton Trucking, Inc.*, 2016 WL 5341224, at *2 (N.D. Tex. Sept. 23, 2016) (Fish, J.) ("In its *motion*, Melton Trucking specifically alleges . . . ." (emphasis added)); *In re Cordish Co.*, 617 S.W.3d 909, 914 (Tex. App. 2021, no pet.) (looking to parties' briefing); *In re Bustamante*, 510 S.W.3d 732, 737 (Tex. App. 2016, no pet.) (same).

The court has not addressed whether it may consult the briefing because the parties appear to argue this motion in the context of the facts contained in the briefing. Accordingly, in determining whether Travelers has pleaded sufficient facts, the court looks to the facts contained in the amended complaint, the amended answer, and in the briefing.

⁶SMM does briefly contest Travelers' factual sufficiency in two footnotes, disputing that its attorneys were negligent and arguing that Travelers lacks evidence that Alfred, Carson, and H&P were negligent. But as SMM appears to acknowledge, it disputes that its attorneys were negligent to point out that it is unnecessary to designate them as responsible third parties—not to challenge factual sufficiency.

2017),[7] in which the Supreme Court of Texas rejected a similar argument.

In *Coppola* two transactional attorneys had previously represented the plaintiffs in a property sale. *Id.* at 507. At closing, the defendants provided the plaintiffs a survey discussing the scope of the right of way, but did not disclose that the right of way was too small for the plaintiffs to achieve their intended purpose with the property. *Id.* The defendants sought to designate the transactional attorneys as responsible third parties because they did not advise the plaintiff of the effect of the smaller right of way on the plaintiffs' desired use of the property. *Id.*

The Supreme Court of Texas rejected an argument that attorneys "are—or should be—categorically prohibited" from being designated responsible third parties. *Id.* at 508. The court found it inconsistent with the statute's broad language to categorically exclude attorneys; a "responsible third party" includes *any* person who caused or contributed the harm. *Id.*[8] The court also rejected policy concerns about designating lawyers as responsible

---

[7]Other courts within Texas also appear to assume that designating a lawyer or law firm as a responsible third party is permissible. *See Flack v. Hanke*, 334 S.W.3d 251, 255, 263 (Tex. App. 2010, pet. denied) (upholding prior designation of law firms and attorneys as responsible third parties).

[8]Indeed, the statute has been amended specifically to liberalize it. *See Hernandez v. Bumbo (Pty.) Ltd.*, 2014 WL 924238, at *3 (N.D. Tex. Mar. 10, 2014) (Lynn, J.) ("The purpose of the 2003 amendments to the requirements for designating responsible third parties was to liberalize who may be so designated, such that the jury may be permitted to consider the extent to which each involved entity is at fault, regardless of the extent to which the plaintiff could actually recover against such an entity.")

third parties because the concerns were inconsistent with the language of the statute and unfounded given that designation as a responsible third party does not impose any actual liability. *Id.* at 509.

SMM tries to distinguish this case, but the distinctions are unpersuasive. SMM first contends that the *Coppola* court did not specifically address the agency aspect of the attorney-client relationship. In other words, SMM offers a rather novel argument—not considered by the Supreme Court of Texas—as to why attorneys should be precluded. But this court is bound by a state supreme court's decision on state law, and, to the extent SMM is presenting a novel argument, this court cannot entertain new arguments for reconsidering the *Coppola* court's holding. *See Harken Expl. Co. v. Sphere Drake Ins. PLC*, 261 F.3d 466, 471 n.3 (5th Cir. 2001) ("We are bound to apply the law as interpreted by the state's highest court, in this case, the Texas Supreme Court.").

SMM also posits that *Coppola* is distinguishable from this case because the attorneys in *Coppola* were not representing the plaintiff in the current litigation, but only the previous litigation. According to SMM, this distinction is relevant because designating Alfred, Carson, and H&P as responsible third parties in this case—as opposed to in *Coppola*—would "cause confusion to the jury." P. Br. at 5. It is not clear, however, how the potential for "confusion" is relevant to the statutory language and the Supreme Court of Texas' interpretation of the statute. In fact, the *Coppola* court seemed to anticipate such an argument by rejecting judicial amendment of the statute due to policy questions such as

- 8 -

SMM's confusion concern. *See Coppola*, 535 S.W.3d at 509.[9] And if SMM's position were adopted, a plaintiff could prevent the designation of its attorneys as responsible third parties simply by retaining those attorneys to represent it in the current litigation. The court therefore rejects SMM's legal challenges to Travelers' motion.

\* \* \*

Accordingly, for the reasons explained, the court grants Travelers' September 16, 2021 motion for leave to designate responsible third parties under Tex. Civ. Prac. & Rem. Code Ann. § 33.004.[10]

**SO ORDERED**.

October 22, 2021.

                                                                                                 *Sidney A. Fitzwater*
SIDNEY A. FITZWATER
SENIOR JUDGE

---

[9] Relatedly, SMM also argues that Travelers is seeking to set up a "disqualification argument" to deprive SMM of its choice of counsel. P. Br. at 5. But this concern appears to be foreclosed by *Coppola*, in which the Supreme Court of Texas held that "[neither a] section 33.004 designation nor a finding of fault against the person 'impose[s] liability on the person.'" *Coppola*, 535 S.W.3d at 509 (citation omitted).

[10] "By granting a motion for leave to designate a person as a responsible third party, the person named in the motion is designated as a responsible third party for purposes of this chapter without further action by the court or any party." Tex. Civ. Prac. & Rem. Code Ann. § 33.004(h).