IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUSTAINABLE MODULAR MANAGEMENT, INC., | § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 3:20-CV-1883-D |
| VS. | § § | |
| THE TRAVELERS LLOYDS INSURANCE COMPANY | § § § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

The court previously granted defendant The Travelers Lloyds Insurance Company's ("Travelers'") motion to designate Michael Alfred, Esquire ("Alfred"), Tracy Carson, Esquire ("Carson"), and Hallet & Perrin, P.C. ("H&P")—the two attorneys and law firm representing plaintiff Sustainable Modular Management, Inc. ("SMM")—as responsible third parties under Tex. Civ. Prac. & Rem. Code Ann. § 33.004 (West 2020). *Sustainable Modular Mgmt., Inc. v. Travelers Lloyds Ins. Co.* (*Sustainable II*), 2021 WL 4943692 (N.D. Tex. Oct. 22, 2021) (Fitzwater, J.).[1]  SMM now moves to strike Travelers' designation. For

---

[1] The court has applied § 33.004 in diversity cases, and it has said that "it will continue to do so until persuaded that the statute does not apply." *Alvarez v. Toyota Motor Corp.*, 2006 WL 1522999, at *2 (N.D. Tex. May 8, 2006) (Fitzwater, J.).  Because the court sees no reason to reexamine in this case whether § 33.004 should be given full effect, the court will apply it. *See Withers v. Schneider Nat'l Carriers, Inc.*, 13 F.Supp.3d 686, 688 (E.D. Tex. 2014) ("While there seems to be no precedent on point from the Fifth Circuit, various other district courts within this circuit, however, have concluded that the designation of a responsible third party under § 33.004 does not conflict with Rule 14.").

the reasons explained below, the court grants the motion.

I

This lawsuit is a byproduct of previous litigation between SMM and AECOM Technical Services, Inc. ("AECOM").[2] SMM constructed two buildings for the United States government in Hawaii. One building suffered water damage. AECOM (the general contractor on the building) and SMM disputed the cause of the damage. SMM asserted that the cause was deficient building-site construction (construction within the scope of AECOM's work). AECOM, on the other hand, contended that the cause was deficient roof design and roof leakage (construction within the scope of SMM's work).

SMM relied on The Vertex Companies, Inc. ("Vertex") to support its position. Vertex is a company retained by SMM's insurer, Travelers, to determine the cause of the water damage and whether Travelers should deny SMM's insurance claim. Vertex's report (the "Vertex Report") suggested that roof leakage was not the cause of the damage. SMM relied on Vertex and its report during the litigation, naming Vertex as a non-retained expert.

But Vertex eventually reversed its position and concluded that the roof was the most likely cause of the damage. As a result of Vertex's change of position—which occurred after the expert-designation deadline—SMM was bound by Vertex's conclusion that the roof (and

---

[2]The following discussion provides context for this motion. A more detailed recitation of the background facts and procedural history of this case can be found in the court's recent memorandum opinion and order addressing other motions. *See Sustainable Modular Mgmt., Inc. v. Travelers Lloyds Ins. Co.*, 2021 WL 4822017, at *1-2 (N.D. Tex. Oct. 15, 2021) (Fitzwater, J.).

by extension SMM, who was responsible for the roof) was the likely cause of the damage.

SMM filed the present lawsuit, asserting claims against Travelers for breach of contract, violations of the Texas Insurance Code, common law fraud, fraudulent concealment, and negligent misrepresentation. Travelers moved to designate Alfred, Carson, and H&P (who represented SMM in the prior litigation) as responsible third parties because of their alleged negligence in failing to affirm the Vertex Report's reliability before the expert-designation deadline. *Sustainable II*, 2021 WL 4943692, at *1. The court granted the motion. *Id.* SMM now moves to strike the designation. Travelers opposes the motion. The court is deciding the motion on the briefs.

II

SMM maintains that, to support its third-party designation, Travelers needs to produce expert testimony regarding Alfred, Carson, and H&P's breach of their standard of care, but that the expert testimony and reports that Travelers has produced address only *SMM*'s conduct, not Alfred, Carson, and H&P's conduct. SMM also contends that Travelers has not established causation because it has not provided evidence on what would happen in a hypothetical case had Alfred, Carson, and H&P not been negligent. In fact, SMM asserts that its corporate representative, Nick Mackie ("Mackie"), testified that Alfred, Carson, and H&P did not have any input into the litigation strategy to rely on the Vertex Report—thereby precluding Alfred, Carson, and H&P from causing SMM's injuries.

Travelers responds that it designated Brian Carroll ("Carroll") as an expert, and he concluded that Alfred, Carson, and H&P breached their standard of care; and although in his

report Carroll refers to the negligent conduct of "SMM" rather than Alfred, Carson, and H&P, he was "clearly addressing" the conduct of Alfred, Carson, and H&P.[3] D. Resp. 8. Travelers also posits that it does not need expert testimony for causation, which it has proved with other evidence. And Travelers maintains that Mackie's original testimony and H&P's billing entries provide evidence that Alfred, Carson, and H&P did work on strategy despite Mackie's comments to the contrary. Alternatively, Travelers contends that, if Alfred, Carson, and H&P did leave strategy to their client, this would itself be a breach of their standard of care.

III

"Under Chapter 33 of the Texas Civil Practice and Remedies Code, a defendant who is sued in tort or under the Texas Deceptive Trade Practices-Consumer Protection Act ('DTPA') may reduce his liability by a percentage of responsibility attributed to a responsible third party." *Mavuninu-Jean v. Reyes*, 2019 WL 5963886, at *1 (N.D. Tex. Nov. 13, 2019) (Boyle, J.) (citing Tex. Civ. Prac. & Rem. Code Ann. § 33.002 (West 2020)).[4] To designate

---

[3]SMM spends the majority of its reply disputing whether Carroll's report complied with Fed. R. Civ. P. 26 and whether the court should consider Carroll's supplemental declaration. SMM also asks the court to strike Carroll's declaration. The court need not reach these arguments because, as discussed below, *see infra* § IV(B), even considering Carroll's report and declaration, Travelers fails to meet its burden.

[4]As discussed in *Sustainable II*, 2021 WL 4943692, at *2 n.3, because § 33.002 is limited to suits in tort or suits under the DTPA, Travelers only designated Alfred, Carson, and H&P as responsible third parties for SMM's tort claims: common law fraud (Count Four), fraudulent concealment (Count Five), and negligent misrepresentation (Count Six). *Nels Cary, Inc. v. Day*, 2008 WL 631242, at *1 (N.D. Tex. Feb. 29, 2008) (Fitzwater, C.J.) ("[T]he designation of a responsible third party in this case would apply to the tort and DTPA

a responsible third party, a defendant must file a motion to designate the responsible third parties, and the opposing party may file objections in response. Tex. Civ. Prac. & Rem. Code Ann. § 33.004(a),(f). Here, Travelers did just that: it filed a motion to designate Alfred, Carson, and H&P as responsible third parties, which the court granted. *See Sustainable II*, 2021 WL 4943692, at *4-5.

SMM now moves to strike that designation. After a third-party designation has been granted, § 33.004 allows the plaintiff to file such a motion. Tex. Civ. Prac. & Rem. Code Ann. § 33.004(l). Section 33.004(l) provides:

> [a]fter adequate time for discovery, a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage. The court shall grant the motion to strike unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage.

*Id*.[5]

Accordingly, to defeat SMM's motion to strike, Travelers must produce sufficient

---

claims alone.").

[5] Although the court holds that § 33.004 applies, it does not suggest that all aspects of the statute apply. *See Davis v. Dall. Cnty., Tex*., 2007 WL 2301585, at *1 (N.D. Tex. Aug. 10, 2007) (Fitzwater, J.) ("Nor does the court 'suggest that the provisions of § 33.004 that impose time limitations on seeking leave or objecting to motions for leave would apply in a diversity case to circumvent a scheduling order that imposes other deadlines.'" (citation omitted)). And the court does not resolve whether the statute's time limitations apply here. In this case, the parties do not appear to dispute that there has been "adequate time for discovery."

- 5 -

evidence to raise a genuine issue of fact regarding the responsibility of Alfred, Carson, and H&P's for SMM's injury or damage. Travelers can satisfy this burden by raising a genuine fact issue regarding whether Alfred, Carson, and H&P caused or contributed to cause in any way the harm for which recovery of damages is sought, by other conduct or activity that violated an applicable legal standard. *See id.* § 33.003(a). The parties agree that Alfred, Carson, and H&P are responsible, if at all, for violating their duty to SMM as attorneys, i.e., for legal malpractice. Accordingly, Travelers must raise a genuine fact issue regarding the elements of a legal malpractice claim against Alfred, Carson, and H&P to overcome SMM's motion to strike Travelers' designation of them as responsible third parties. *See id.* § 33.004(l) ("The court shall grant the motion to strike unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage."); *De Leon v. Flavor & Fragrance Specialties, Inc.*, 2014 WL 12601029, at *2 (E.D. Tex. Sept. 15, 2014) (holding that defendant needed to provide evidence supporting negligence claim to show third party liability); *In re Transit Mix Concrete & Materials Co.*, 2014 WL 1922724, at *4 (Tex. App. May 14, 2014) (mem. op.).

"[S]ufficient evidence to raise a genuine issue of fact" is "more than a scintilla of evidence of potential responsibility for the claimed injury." *Gregory v. Chohan*, 615 S.W.3d 277, 298 (Tex. App. 2020, pet. filed) (citing *Elbaor v. Smith*, 845 S.W.2d 240, 243 (Tex. 1992)). "More than a scintilla" exists when the factual support "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Transit Mix Concrete & Materials Co.*, 2014 WL 1922724, at *3 (internal quotation marks omitted)

(quoting *King Ranch, Inc. v. Chapman*, 118 S.W.3d 752, 751 (Tex. 2003)). A "scintilla" does not exist if the evidence is "so weak as to do no more than create a mere surmise or suspicion." *Id.* (internal quotation marks omitted) (quoting *King Ranch, Inc,* 118 S.W.3d at 751).

IV

Travelers has failed to raise a genuine issue of fact regarding the potential responsibility of Alfred, Carson, and H&P because it has failed to produce more than a scintilla of evidence regarding the causation element of a legal malpractice claim.[6]

A

A viable legal malpractice claim requires proof that "(1) the lawyer owed a duty of care to the client; (2) the lawyer breached that duty; and (3) the lawyer's breach proximately caused damage to the client." *Rogers v. Zanetti*, 518 S.W.3d 394, 400 (Tex. 2017) (citation omitted). The third element (causation) requires proof both of cause in fact (but-for cause) and foreseeability. *Id.* at 402-03. "The plaintiff must supply a causal link between the attorney's alleged negligence and the client's damages." *Id.* at 404.

A plaintiff cannot establish causation without proving that he would have obtained a better result without the attorney negligence. Stated differently, the plaintiff "must show that the result in the hypothetical case would, more likely than not, be different than the result in

---

[6]The court does not reach the other elements of Travelers' legal malpractice claim. *See Rogers v. Zanetti*, 518 S.W.3d 394, 400 (Tex. 2017) (listing elements of legal malpractice claim).

- 7 -

the actually litigated case because of the additional evidence." *Starwood Mgmt., LLC by & through Gonzalez v. Swaim*, 530 S.W.3d 673, 678 (Tex. 2017) (internal quotation marks omitted); *Rogers*, 518 S.W.3d at 401 ("[T]he plaintiff must prove that the client would have obtained a more favorable result in the underlying litigation had the attorney conformed to the proper standard of care."); *see also Taylor v. Alonso, Cersonsky & Garcia, P.C.*, 395 S.W.3d 178, 183 (Tex. App. 2012, no pet.). This is known as the "suit-within-a-suit" requirement, which requires "a comparison between the actual result and a hypothetical result." *Swaim*, 530 S.W.3d at 680; *see Alvarado v. Love & Hutson, G.P.*, 2021 WL 1428477, at \*10 (S.D. Tex. Apr. 15, 2021) ("[E]ach Plaintiff must prove the classic 'case-within-a-case' ('suit-within-a-suit') in order to recover."); *Ballesteros v. Jones*, 985 S.W.2d 485, 489 (Tex. App. 1998, pet. denied) ("Because the plaintiff must establish that the underlying suit would have been won 'but for' the attorney's breach of duty, this 'suit within a suit' requirement is necessarily a component of the plaintiff's burden on cause in fact.").

A plaintiff fails to raise a genuine issue of fact on causation when he does not produce evidence that he would have obtained a better result absent attorney negligence. *See, e.g., Alvarado*, 2021 WL 1428477, at \*10 ("[P]laintiff must show that, but for the malpractice, she would have followed a different course of action (here trial or single case settlement) and that this alternative course would have resulted in a more favorable result. . . . . [Plaintiffs] have not . . . brought forward any evidence to create an issue of material fact."); *Rogers v. Zanetti*, 517 S.W.3d 123, 134 (Tex. App. 2015) (holding that legal malpractice claim failed because "[there] is no evidence that a differently drafted Investment

Agreement would have produced a better result for the Clients in the *Alexander* case" (emphasis in original)), *aff'd*, 518 S.W.3d 394 (Tex. 2017).[7]

B

Travelers has failed to produce more than a scintilla of evidence that SMM would have received a better settlement had Alfred, Carson, and H&P not been negligent.[8] Travelers relies on the following evidence:[9] AECOM owed SMM money, but the parties could not agree on how much. D. App. 201-02. SMM wanted AECOM to pay the contract price ($392,946.10) for the work it performed under the contract. *Id.* at 202. But the parties disputed who was responsible for the water damage, and AECOM therefore wanted to pay

---

[7]A defendant who designates a responsible third party must "specifically identify" the proof it has provided to support the designation; the court is not required to search through the record for such proof. *Transit Mix Concrete & Materials Co.*, 2014 WL 1922724, at *5; *DeLeon*, 2014 WL 12601029, at *2.

[8]Travelers states that it "does not have the burden to establish that if the Supplemental Vertex Report was not issued, SMM would have obtained a more favorable settlement or what the amount of that settlement would have been. It is SMM's burden to prove that." D. Resp. 15. The court disagrees. Travelers is essentially attempting to prove that Alfred, Carson, and H&P bear some of the responsibility for causing or contributing to cause the harm for which SMM seeks to recover damages from Travelers. Travelers therefore has the burden to produce sufficient evidence to raise a genuine issue of fact regarding whether SMM would have a more favorable result absent its attorneys' negligence. *See Rogers*, 518 S.W.3d at 401.

[9]Because Travelers cannot defeat SMM's motion even when its non-expert evidence is considered, the court will assume *arguendo* that Travelers can rely on non-expert testimony to raise a genuine issue of fact regarding causation. *See Kelley & Witherspoon, LLP v. Hooper*, 401 S.W.3d 841, 847 (Tex. App. no pet.) ("In some cases, lay testimony is sufficient to establish the causal link between the attorney's negligence and the client's harm; in others, the connection is beyond the jury's common understanding and must be supported by expert testimony.").

- 9 -

SMM less for what AECOM contended was faulty work.  *See id.*

As the parties were negotiating, SMM considered, *inter alia*, litigating for the full contract price or reaching an equitable solution with AECOM on the issue.  *Id.* at 201.  But based on the Vertex Report, which attributed the water damage to AECOM, and believing it was therefore entitled to the full contract price, SMM's negotiating position became less flexible, and it became more inclined to litigate.  *Id.*

SMM eventually decided to litigate and built its case around the Vertex Report.  *Id.* at 201-02.  Without the Vertex Report, SMM likely would not have pursued litigation, but the report "emboldened" SMM to take a more "rigid position" in its contract negotiations with AECOM.  *Id.* at 201.  Later in the litigation, however, Vertex changed its position on the cause of the damage.  *Id.* at 202.  Once Vertex did this, SMM lost credibility in the litigation and decided to settle for $200,000 rather than a greater amount.  *Id.*[10]

From this evidence, Travelers suggests a three-step causal chain to show that the negligence of Alfred, Carson, and H&P caused SMM to settle for less money than it otherwise would have.

First, Travelers maintains that, had Alfred, Carson, and H&P not been negligent before the expert designation deadline in failing to disclose additional information to Vertex

---

[10]Travelers contends that it also has expert testimony.  It points to Carroll's testimony that, had Alfred, Carson, and H&P not been negligent, SMM would not have designated Vertex as an expert in the litigation and "a credibility impact" could have been avoided.  D. Resp. 15.  But for the reasons discussed above, this evidence is insufficient to raise a genuine issue of fact regarding causation.

that contradicted its findings, Vertex would have changed its position on the cause of damage before, rather than after, the deadline.[11]  Assuming *arguendo* that Alfred, Carson, and H&P were negligent, Travelers has produced sufficient proof to raise a genuine issue of fact because there is evidence that, once Vertex was provided with the additional information, Vertex changed its position on the cause of the damage.  *See id.* 187-192.  So in the hypothetical case, if Vertex had received the additional information *before* the deadline, Travelers has produced more than a scintilla of evidence that Vertex would also have changed its position on the cause of damage *before* the deadline.

Second, Travelers contends that, had Vertex changed its position earlier, SMM would have not relied on the Vertex Report and would have sought another expert.  Travelers has produced more than scintilla of evidence to support this causal link based on the testimony of Mackie.  *See id.* at 021, 023 ("I would have retained another expert to at least consult and obtain a second opinion.").

Third, Travelers posits that, had SMM sought another expert and not relied on the Vertex Report, it would not have suffered damage to its credibility in the litigation with AECOM and would therefore have settled for more money.  It is at this third step that Travelers' three-part causation chain breaks, because Travelers is relying on "mere surmise or suspicion" and therefore has failed to produce sufficient evidence to raise a genuine issue of fact regarding causation.

---

[11]The alleged negligence occurred *after* litigation began.  *See* D. Resp. 8-9.

Travelers assumes that, had SMM opted not to rely on the Vertex Report, there was another expert who would have provided support for SMM's position. But Travelers has not provided supporting evidence (indeed, any evidence) to raise a genuine issue of fact regarding whether another expert would have supported SMM's position.[12] *See Tolpo v. Decordova*, 146 S.W.3d 678, 684 (Tex. App. 2004, no pet.) ("[H]ere is no evidence in the record that Nelams would have entered into the contract had DeCordova precluded objections by the buyer to exceptions from coverage in the title commitment."). In other words, even if Alfred, Carson, and H&P had *not* been negligent—and had sent the additional information to Vertex before the expert deadline—Travelers has not raised a genuine issue of fact regarding whether SMM would have been in a different position (i.e., maintained its credibility) than it would have been. In both scenarios SMM was in litigation without an expert to support its position—so the damage to its credibility would not have been materially different. It would therefore require reliance on "mere surmise or suspicion" to conclude that SMM would likely have settled for a higher amount.

And even if Travelers had provided proof of an expert who would have supported SMM's position, Travelers has not produced sufficient evidence to raise a genuine issue of fact regarding whether reliance on another expert would have caused AECOM to settle for more money. *See Rogers*, 517 S.W.3d at 130 (holding that it was speculative as to whether

---

[12]Indeed, it may have been impossible for SMM to find an expert. It appears that "the buildings were gone" at some point during the litigation, so no expert could anaylze the damage to the buildings. D. App. 022.

an alternate expert would have influenced jury enough to change verdict). Indeed, the evidence shows that AECOM never knew about Vertex's change of position. D. App. 22, 24 ("Q: When this report came out, was that report disclosed to AECOM? A: [N]o."). So when AECOM settled with SMM, it appears that it thought SMM still had an expert who supported SMM's position. *See id.* It is therefore a matter of speculation whether the existence of a different expert—whose opinion was similar to the original Vertex Report but whose identity was undisclosed—would have caused AECOM to settle for a different amount. *See Rogers*, 518 S.W.3d at 407 (holding that plaintiff must prove "true value" of case, i.e. "the recovery [the underlying plaintiff] would have obtained." (alteration in original)); *Alvarado*, 2021 WL 1428477, at *6 ("[A] plaintiff must show that, but for the malpractice, she would have followed a different course of action (here trial or single case settlement) and that this alternative course would have resulted in a more favorable result.").[13]

Because Travelers has failed to produce sufficient evidence to raise a genuine issue

---

[13]Travelers contends that "the claimed harm is that because Vertex changed its position in September 2019, after it was designated as an expert on causation and after the expert deadline passed, SMM was forced to settle the Hawaii Lawsuit for an amount less than it would have been able to recover if the Supplemental Vertex Report had not been issued." D. Resp. 12. In other words, had Vertex never reversed itself and had it always supported that SMM was not at fault, SMM may have gotten a better result. This is not the proper inquiry. The court is required to compare the actual result of the case with the hypothetical result (the result absent attorney negligence). *See Swaim*, 530 S.W.3d at 680. And here, absent attorney negligence, the only change is that the Vertex Report would have been rescinded by Vertex earlier in litigation (before the expert deadline). As such, in either case, SMM would not have been able to rely on the Vertex Report.

of fact regarding the causation element of its legal malpractice claim, it has, in turn, failed to raise a genuine issue of fact regarding the responsibility of Alfred, Carson, and H&P for SMM's injury or damage.  Under § 33.004(l), when a motion is filed to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage, the court must grant the motion unless the defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage. Travelers has not met that burden, so SMM's motion must be granted.

\* \* \*

Accordingly, for the reasons explained, SMM's November 9, 2021 motion to strike the designation of responsible third parties under § 33.004(l) is granted.

**SO ORDERED**.

February 18, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE