IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUSTAINABLE MODULAR MANAGEMENT, INC., | § § § | |
| Plaintiff, | § § | Civil Action No. 3:20-CV-1883-D |
| VS. | § § | |
| THE TRAVELERS LLOYDS INSURANCE COMPANY | § § § | |
| Defendant. | § § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Sustainable Modular Management, Inc. ("SMM") sues defendant The Travelers Lloyds Insurance Company ("Travelers") to recover on contractual and extracontractual claims arising from Travelers' denial of coverage under a builders' risk policy for mold and moisture damage to a modular building that SMM constructed in Hawaii. Travelers moves to exclude the expert testimony of SMM's expert, Stephen S. Collins ("Collins"). For the reasons that follow, the court grants the motion in part and denies it in part.

I

The court assumes the parties' familiarity with its memorandum opinion and order filed today, which addresses Travelers' motion for summary judgment. *Sustainable Modular Mgmt., Inc. v. Travelers Lloyds Ins. Co.*, No. 3:20-CV-1883-D, 2022 WL _____ (N.D. Tex. June 14, 2022) (Fitzwater, J.) (Mem. Opinion & Order). Accordingly, the court limits

its discussion of the background facts and procedural history to what is necessary to understand this decision.

SMM filed this lawsuit against Travelers to recover on contractual and extracontractual claims arising from Travelers' denial of coverage under a builders' risk policy for mold and moisture damage to a modular building that SMM constructed in Hawaii. SMM has designated Collins as an expert to provide opinions "regarding whether coverage is available to SMM under the relevant insurance policy" and "on whether [Travelers' claim processional's] actions with respect to SMM's claim comply with Section 541 of the Texas Insurance Code." D. Mot. 1-2.

Travelers moves under Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), to exclude Collins' expert testimony on the grounds that Collins is not qualified to testify as an expert on Texas claims-handling practices and that his testimony is neither helpful to the trier of fact nor reliable. SMM opposes Travelers' motion., which the court is deciding on the briefs.

II

The court decides Travelers' motion "in its role as gatekeeper under Fed. R. Evid. 702." *Charalambopoulos v. Grammer*, 2017 WL 930819, at *9 (N.D. Tex. Mar. 8, 2017) (Fitzwater, J.) (citation omitted); *see also*, *e.g.*, *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002) ("Rule 702 charges trial courts to act as 'gate-keepers.'"). The court can admit proffered expert testimony only if the proponent demonstrates that (1) the expert is qualified, (2) the evidence is relevant to the suit, and (3) the evidence is reliable. *See Kumho*

*Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).

The burden is on the proponent of the expert testimony to establish its admissibility by a preponderance of the evidence. *See Daubert*, 509 U.S. at 592 n.10; *see also Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012). The court's inquiry is flexible in that "[t]he relevance and reliability of expert testimony turns upon its nature and the purpose for which its proponent offers it." *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010) (citation omitted). "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the [trier of fact's] consideration." *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596; *Nunn v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 2540754, at \*4 (N.D. Tex. June 22, 2010) (Fitzwater, C.J.).

III

The court begins with Travelers' contention that Collins' opinions regarding insurance coverage are improper issues for expert opinion and that testimony about such opinions is not relevant.

A

To be admissible, expert testimony "must be relevant, not simply in the sense that all testimony must be relevant, but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue." *Weiser-Brown Operating*

- 3 -

*Co. v. St. Paul Surplus Lines Ins. Co.*, 801 F.3d 512, 529 (5th Cir. 2015) (citations omitted). Although under Rule 704(a) an expert may give opinion testimony that embraces an ultimate issue, an expert witness is not allowed to opine on legal conclusions that should be drawn from the evidence, because this "both invades the court's province and is irrelevant." *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983); *see also Renfroe v. Parker*, 974 F.3d 594, 598 (5th Cir. 2020) ("Experts cannot 'render conclusions of law' or provide opinions on legal issues." (quoting *Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009))).

In support of its motion, Travelers contends, *inter alia*, that matters of contract interpretation are questions of law; that in the insurance context, expert opinion is not permitted regarding ultimate questions of whether insurance coverage applies to specific facts; and that Collins' opinions with respect to coverage "are nothing more than Mr. Collins' ipse dixit interpretation of the insurance policy and accordingly amount to conclusions of law that are irrelevant and inadmissible." D. Br. 8-9. SMM responds that it "does not dispute that Collins' opinions regarding the existence of coverage usurp the province of this Court." P. Br. 2 n.1.

Because it is undisputed that Collins' expert opinions on the legal question of coverage are not relevant, the court grants Travelers' motion to exclude them.

B

In its response brief, SMM "stipulates that it will not offer Collins' opinions [regarding the existence of coverage]." *Id.* In reply, Travelers requests an order "precluding

- 4 -

SMM from offering any opinions of Mr. Collins regarding the question of how the terms and provisions of the Travelers policy, including the policy exclusions and additional coverages, apply to the facts of this loss." D. Reply 1.[1] Travelers also requests an order "precluding SMM from offering any testimony of Mr. Collins' opinions regarding whether the loss at issue was covered under the Travelers builder's risk policy." *Id.* at 2.

In light of SMM's stipulation that it will not offer Collins' opinions regarding the existence of coverage, the court concludes that the additional specific orders that Travelers requests are unnecessary. It therefore declines at this point to enter them.[2]

IV

The court now turns to Travelers' argument that Collins is not qualified to offer expert opinions pertaining to Texas claim handling.[3] The court declines to exclude Collins' expert

---

[1]Travelers contends that this order would preclude SMM from offering testimony relating to Collins' opinion that coverage exists under the Travelers policy for water intrusion from the "accidental damage/penetrations" from the roof based on his understanding of the defective workmanship exclusion or any other opinion he would offer about the application of the insurance policy to the facts of this claim.

[2]If, for example, Travelers were to request similar relief by way of a motion *in limine*, the court would deny the motion. Under this court's regular practice, motions *in limine* must be limited to matters that meet the following requirements: (1) the matter cannot adequately be raised by trial objection without prejudice to the moving party *and* (2) the prejudice of mentioning the matter in the presence of the jury cannot be cured by an instruction from the court. Travelers could not satisfy these requirements, at least for the reason that it could exclude the inadmissible opinion testimony through timely objection.

[3]Travelers also maintains that Collins is not qualified to offer expert opinions pertaining to Texas insurance coverage, but in light of the court's decision to exclude such testimony on the ground that it is irrelevant, *see supra* § III, the court need not address Travelers' arguments in this respect.

adjuster under Kentucky law, allowed that license to become inactive in 2008, and has not received any insurance industry-related training since 2003; that Collins' extensive pre-2003 training on insurance-related issues does not include training related to claims handling practices under Texas law or under Chapters 541 or 542 of the Texas Insurance Code; that Collins "simply has no knowledge, training or experience that would qualify him as an expert on Texas builder's risk claims or the claims handling standards . . . applicable to those claims," D. Mot. 5; that in preparing his expert report, Collins did not rely on any authoritative industry sources, did not rely on any written materials related to first party property or builder's risk cases, did not consider any Texas case law, and did not consult with any lawyer regarding the coverage analysis that would apply to the facts of this claim; and that, in sum, Collins is not qualified to testify in the particular field that his proposed testimony would concern, and his expert opinions should therefore be excluded in their entirety.

SMM responds that Collins has more than 25 years of insurance claims handling experience across multiple jurisdictions, including either adjusting or reviewing hundreds of Texas insurance claims involving many different lines of insurance; that every state's insurance claims handling laws (including those in Texas and Kentucky) originate from the National Association of Insurance Commissioners ("NAIC") model act, resulting in virtual nationwide uniformity regarding claims handling standards; that it does not matter where Collins gained the majority of his experience in claims handling because, for example, the current NAIC model act and its Texas and Kentucky counterparts contain virtually identical

language with respect to the unfair insurance claims handling practice of denying a claim without conducting a reasonable investigation, and Travelers has made no attempt to explain *how* Collins' analysis of this issue would differ depending on which jurisdiction's standards or laws govern the claim; that Collins' extensive experience handling claims involving "all lines" of insurance qualifies him to opine with respect to the handling of builder's risk claims; that during his time as an outside adjuster, Collins personally handled approximately 20 builder's-risk specific claims and, in any event, Travelers does not explain *how* handling builder's risk claims differs from handling claims involving other lines of insurance; that even though Chapter 541 does not distinguish between commercial property and homeowner's and builder's risk insurance claims, "Travelers takes the absurd position that Collins apparently learned nothing regarding claims handling practices applicable to builder's risk claims during the course of personally adjusting hundreds of commercial property and homeowner's claims," P. Br. 7; and that Collins is "immensely qualified,"[4] and

---

[4]SMM asserts that Collins

> worked as an outside insurance claims handler for more than 10 years, adjusting claims for all lines of insurance. During this time, he adjusted approximately 20 builder's-risk specific insurance claims. He also spent eight weeks in Texas handling commercial property and homeowner's claims in the aftermath of Hurricane Alicia. Collins then worked as an in-house claims manager for Ashland over the next 15 years. During this time, Collins reviewed a significant number of Texas insurance claims being handled by outside adjusters. Collins concluded his insurance career by spending more than eight years working for the Speaker of the Kentucky House of Representatives, which included reviewing pending insurance legislation.

to the extent that his experience is Kentucky-based and builder's risk claims only constitute a fraction of Collins' significant claims handling experience, this is something that Travelers should address to the jury.

Travelers replies, *inter alia*, that experience with claims under builders' risk coverage is a prerequisite to be qualified to offer opinions on whether the claim handling in this instance met certain requirements under Texas law; that Travelers' concern is that Collins is not qualified to speak to a jury as an expert about what is reasonable claim handling and investigation for a Texas builder's risk claim like this one because Collins has never been licensed as an insurance adjuster in Texas and has never received any training regarding adjusting insurance claims in Texas; that Collins' lack of experience with builder's risk claims is significant because builder's risk claims involve an investigation into what, if any, portion of the construction project caused the damage to the property, which is necessarily a different type of investigation than one involved in a storm claim, a product liability claim, or a toxic tort claim; that Collins' opinion about the claim handling "is nothing more than his *ipse dixit* that it should have been obvious that the First Vertex Report was erroneous and thus Travelers acted unreasonably in relying on its expert's report," Reply 4; and that given Collins' complete lack of qualifications to offer opinions about how SMM's Texas builder's risk claim was handled, the jury should never be asked to weigh the credibility of his testimony.

---

P. Br. 8 (citations omitted).

C

The court holds that Collins is qualified to offer opinions regarding the insurance claims handling process, generally, and Travelers' handling of SMM's claim, specifically. Collins has extensive claims handling experience. He worked as an outside insurance claims adjuster for more than 10 years, adjusting claims for all lines of insurance, including claims under builder's risk policies. He then worked for the next 15 years as an in-house claims manager for Ashland, Inc. During this time, he audited a significant number of Texas claims (involving many different lines of insurance) handled by outside adjusters through insurance fronting arrangements. Although the majority of Collins' claims handling experience appears to have occurred prior to 2004 and involved claims governed by Kentucky law, the court is not convinced that the claims handling process, generally, has materially changed in the interim or that there is any significant difference in what would constitute a reasonable investigation under Texas versus Kentucky law. SMM has adequately established that Collins' significant experience adjusting claims under many different types of policies—including under builder's risk policies—sufficiently qualifies him to testify as an expert in this case.

As stated above, "Rule 702 does not mandate that an expert be highly qualified in order to testify about a given issue. Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility." *Huss*, 571 F.3d at 452 (citing *Daubert*, 509 U.S. at 596). Travelers will be able to challenge the weight of Collins' testimony through vigorous cross-examination and/or by offering evidence that refutes

Collins' opinions. *See Rolls-Royce Corp. v. HEROS, Inc.*, 2010 WL 184313, at *11 (N.D. Tex. Jan. 14, 2010) (Fitzwater, C.J.).

Accordingly, Travelers' motion to exclude Collins' testimony is denied to the extent it is based on the argument that he is not qualified to offer expert opinions pertaining to Texas claim handling.

\* \* \*

For the reasons explained, the court grants in part and denies in part Travelers' motion to exclude Collins' expert testimony.

**SO ORDERED**.

June 14, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE